UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-343-RJC
(3:04-cr-273-RJC-DCK-1)

| | |
|---|---|
| **DENNIS WILLIAM BROWN,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, [Doc. 1].

I.     **BACKGROUND**

Petitioner was charged in a 28-count Indictment on charges of Hobbs Act robbery and firearms offenses in violation of 18 U.S.C. §§ 1951, 924(c)(1), 922(g)(1), 924(e) and 2. [3:04-cr-273 ("CR"), Doc. 1]. Petitioner pleaded guilty to Counts One through Three and admitted being guilty as charged of those offenses: aiding and abetting Hobbs Act robbery in violation of 18 U.S.C. §§ 1951 and 2 (Count One); brandishing a firearm during a crime of violence, *i.e.*, the Hobbs Act robbery charged in Count One, and aiding and abetting the same in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Count Two); and possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count Three). [Id.; CR Doc. 43 at ¶ 1]. The United States agreed to dismiss the remaining counts. [CR Doc. 43 at ¶ 2].

The Court accepted Petitioner's guilty plea and, in a Judgment entered on August 25, 2005, sentenced him to a total of 161 months' imprisonment, concurrent with a state armed robbery conviction. [CR Doc. 51]. Petitioner did not appeal.

1

Petitioner filed the instant § 2255 Motion to Vacate through counsel on June 14, 2016.[1] He argues that the § 924(c) conviction is unconstitutional because the predicate offense of Hobbs Act robbery is not a "crime of violence" pursuant to United States v. Johnson, 576 U.S. 591 (2015). He asks the Court to vacate the § 924(c) conviction and release him immediately.[2] [Doc. 1 at 9].

This case was stayed for several years pending developments in the case law. [Docs. 4, 9]. On April 5, 2022, the Court ordered the parties to file a Status Report informing the Court of the case's status and explaining why a continued stay is warranted. [Doc. 10]. In response to the Order, the Federal Public Defender's Office moved to withdraw from the representation after concluding, in light of United States v. Mathis, 932 F.3d 242 (4th Cir. 2019), United States v. Crawley, 2 F.4th 257 (4th Cir. 2021), and United States v. Ogun, 2022 WL 843899 (March 22, 2022), that Petitioner has no potentially meritorious grounds for relief. [Doc. 11]. On May 4, 2022, the Court granted the Federal Defender's Motion to withdraw and ordered Petitioner to file a *pro se* Response within 21 days, stating whether he agrees that the stay should be lifted and explaining why the Motion to Vacate should not be denied. [Doc. 12]. The Court cautioned Petitioner that, if he failed to respond, the Court would likely deny the Motion to Vacate without requiring any further response by the United States. [Id.]. The Petitioner has not filed a Response and the time to do so has expired. Accordingly, the stay will be lifted and the Court will address the Motion to Vacate.

### II.  SECTION 2255 STANDARD OF REVIEW

---

[1] The Federal Public Defender was appointed to represent Petitioner in this action pursuant to Administrative Order No. 3:15-mc-196.

[2] Petitioner was incarcerated in the underlying criminal case at the time the Motion to Vacate was filed. He was released to supervision on March 3, 2017, and the U.S. Probation Office filed a Petition for revocation was less than six months later for new law violations. [CR Doc. 70]. Petitioner was sentenced to 46 months' imprisonment for the supervised release violations as well as to 180 months in Case No. 3:17-cr-297, in which he pleaded guilty to two counts of Hobbs Act robbery.

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

Petitioner contends that his § 924(c) conviction in Count Two should be vacated because "[t]his § 924(c) conviction for using a firearm in relation to a 'crime of violence' is void because the predicate offense of Hobbs Act robbery does not qualify as a 'crime of violence' in light of Johnson." [Doc. 1 at 3].

In Johnson, the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague, and held that enhancing a sentence under the ACCA's residual clause violates due process. 576 U.S. at 606. The ACCA residual clause defined a "violent felony" to include any crime punishable by a term of imprisonment exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Accordingly, under Johnson, a defendant who was sentenced to a statutory mandatory minimum term of imprisonment based on

a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. Johnson, 576 U.S. at 606. ACCA's violent felony definition and enumerated offenses remained valid. Id. Johnson applies retroactively to claims asserted on collateral review. Welch v. United States, 578 U.S. 120 (2016).

Section 924(c), which is at issue here, criminalizes the use of a firearm in furtherance of a "crime of violence." Under § 924(c), a crime is one of violence if it either "has an element the use, attempted use, or threatened use of physical force against the person or property of another," (the "force clause") or "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3)(B). Petitioner argues that, because § 924(c)'s residual clause "is functionally indistinguishable from the ACCA's residual clause," it is likewise unconstitutionally vague pursuant to Johnson. [Doc. 1 at 4]. Thus, he argues, his charge of substantive Hobbs Act robbery can qualify as a predicate § 924(c) "crime of violence" only under the § 924(c) force clause. [Id.]. Indeed, the Supreme Court held, subsequent to the filing of Petitioner's Motion to Vacate, that the § 924(c) residual clause is unconstitutionally vague. United States v. Davis, 139 S. Ct. 2319 (2019). After Davis, a § 924(c) conviction is valid only if the underlying "crime of violence" satisfies the "force clause."

At issue in the instant case, then, is whether the offense of aiding and abetting Hobbs Act robbery as charged in Count One is a "crime of violence" to support the § 924(c) offense charged in Count Two. Developments in the case law have definitively answered that question in the affirmative.

In United States v. Mathis, 932 F.3d 242 (2019), the Fourth Circuit squarely held that "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." 932

4

F.3d at 266. Petitioner's charge of aiding and abetting Hobbs Act robbery likewise qualifies as a crime of violence because "aiding and abetting a crime of violence is also categorically a crime of violence." United States v. Ali, 991 F.3d 561, 574 (4th Cir. 2021), *cert. denied* 142 S.Ct. 486 (Nov. 15, 2021). As such, Petitioner's § 924(c) conviction predicated on his conviction for aiding and abetting Hobbs Act robbery remains valid notwithstanding Johnson and its progeny. The Court will, therefore, dismiss and deny Petitioner's § 2255 Motion to Vacate.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's § 2255 Motion to Vacate is dismissed and denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Stay [Doc. 9] is **LIFTED**.

2. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DISMISSED** and **DENIED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: June 16, 2022

*Robert J. Conrad, Jr.*
Robert J. Conrad, Jr.
United States District Judge